EUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATOYA E. WILLIAMS,

                              Plaintiff,

                -against-

AMSTERDAM NURSING HOME; SEGI
GJYLSHENI,

                              Defendants.

**ORDER OF SERVICE**

25-cv-9901 (ER)

RAMOS, D.J.:

Plaintiff, who is proceeding *pro se*, brings this action under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 to 2654, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117.  The complaint could also be liberally construed as asserting claims under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796.  By order dated December 12, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date any summonses issue.

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Amsterdam Nursing Home and Segi Gjylsheni through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses issue, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue summonses for Defendants Amsterdam Nursing Home and Segi Gjylsheni, complete a USM-285 form with the address for each Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:    December 12, 2025
          New York, New York

EDGARDO RAMOS
United States District Judge

2

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.  Amsterdam Nursing Home
    1060 Amsterdam Ave.
    New York, NY 10025

2.  Segi Gjylsheni
    1060 Amsterdam Ave.
    New York, NY 10025